UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DIONNE CHRISTIAN

      Plaintiffs,

V.                                                          CIVIL ACTION NO

RUSHMORE SERVICE CENTER, LLC

Defendant.                                     September 27, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and 1367.

3. Plaintiff is a natural person who resides in Oxon Hill, MD.

4. Defendant is a licensed collection agency and has a place of business as 3820 N. LOUISE AVENUE, SIOUX FALLS, SD 57107-0145.

5. Plaintiff is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. The Defendant contacted the Plaintiff via written letter dated April 7, 2011.

10. The Defendant advised the Plaintiff in writing that unless she disputed this debt, within 30 days they would assume it to be valid.

11. The Plaintiff contacted the Defendant via telephone on or about August, 2011 in an attempt to dispute the alleged debt the Defendant assumed was valid.

12. The Defendant advised Plaintiff, through a collection agent, that she had no right to dispute the alleged debt owed. This statement is false misleading and deceptive in violation of §1692e and §1692g.

13. Based on information and belief the Defendant failed to advise the Plaintiff of the required notice pursuant to §1692e (11).

14. The Defendant through their collection agent advised the Plaintiff that they do not take oral disputes. This statement is false, deceptive and misleading and violates §1692e.

15. The Defendant advised the Plaintiff that he would report this debt to the Credit Bureaus, without noting her dispute, in violation of §1692e (8).

16. The Defendant advised the Plaintiff that her dispute was "invalid."

17. The Defendant advised the Plaintiff that her reason for the dispute did not qualify with federal laws (FDCPA) criteria of a valid dispute. This representation is false, deceptive and misleading, as the FDCPA has no criteria regarding disputed debts.

18. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692 e, f and g.

19. Defendants initial collection letter includes a defective validation of debts clause notice pursuant to §1692g

20. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to dispute a debt.

SECOND COUNT

21. The allegations of the First Count are repeated and realleged as if fully set forth herein.

22. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

23. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA on Count I.

2 Award Plaintiff statutory damages pursuant to the MCDCA on Count II.

3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF
BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com